## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 8:12-cv-00669-SDM-AEP |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOES 1-9, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION FOR DIRECTION AND TO TEMPORARILY ENJOIN DEFENDANT FROM FILING MOTION TO QUASH

Plaintiff, Malibu Media, LLC, moves for direction from this Court and states:

1.      On April 4, 2012 Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas prior to a Rule 26(f) conference.  (Doc. 1).

2.      On April 16, 2012, the Court entered an Order granting Plaintiff's Motion for leave (Doc. 4).

3.      Plaintiff then immediately served the subpoenas on Comcast's Subpoena Compliance Department located in Moorestown, NJ.

4.      On May 17, Plaintiff was contacted by counsel for John Doe 4 who, while complying with LR 3.01(g), notified Plaintiff that he is considering filing a Motion to Quash the subpoena in the District Court of New Jersey on the basis that the Court lacks jurisdiction to issue the subpoena and the subpoena is invalid because it was issued from the wrong court.  See Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 412 (3d Cir. 2004) ("a subpoena calling only for the 'production or inspection' of documents 'shall issue from the court for the district in which the production or inspection is to be made.' 'Production' refers to the delivery of documents, not their retrieval, and therefore 'the district in which the production ... is to be

made' is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over."); see also Tattle Tale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP, CIV.A. 11-7013 JLL, 2012 WL 1191214, at *5 (D.N.J. Apr. 10, 2012) ("the District of New Jersey is not the proper court to issue a subpoena calling for the production of documents in Columbus, Ohio").

5.     Defense counsel also notified Plaintiff that it would seek attorney's fees and requested Plaintiff to withdraw the subpoena.

6.     Plaintiff however, does not believe that withdrawing the subpoena is proper. First, because your Honor's decision to issue the Order granting Plaintiff's Motion for Leave was based partially on a review of the subpoenas, Plaintiff believes withdrawing the subpoena and issuing it from a different Court would be in violation of your Honor's Order.

7.     Second, Plaintiff had reviewed case law in the 11th Circuit prior to submitting the subpoena for your Honor's review and believes the District Courts in the 11th Circuit are in general consensus that the subpoena should be issued out of the Court where the documents are housed, not where they are to be delivered.  See Morris v. Sequa Corp., 275 F.R.D. 562 (N.D. Ala. 2011) (holding that subpoenas issued to T-Mobile Wireless in the District Court of New Jersey and to Sprint in the United States District Court, District of Kansas were issued by the proper courts even though the claim was brought in the Northern District of Alabama).  See also Managed Care Solutions, Inc. v. Essent Healthcare, Inc., 09-60351-CIV, 2010 WL 3419420, at *2 (S.D. Fla. Aug. 27, 2010) ("[t]ypically, a subpoena for production of documents must issue from the district where the documents are located").

8.     The decisions from the Third Circuit, where Defendant's Internet Service Provider is located, directly conflict the decisions of the District Courts of the Eleventh Circuit and Plaintiff is not sure it is clear which Court has proper jurisdiction to issue the subpoena.

9.     Comcast has not raised any objections to Plaintiff, or to this Court, regarding Plaintiff's subpoena and has initiated compliance with the subpoena by notifying the Doe Defendants of the Court order and their right to move to quash the subpoena, as evidenced by Defense counsel's involvement.

10.     There are three potential courts out of which the subpoena could be issued:

(a)     The District of New Jersey, which is where the documents are culled by Comcast for delivery to undersigned.  From previous experience undersigned knows Comcast will likely email or faxes the documents to undersigned;

(b)     The Southern District of Florida because that is where undersigned's office is located and where the responsive documents produced by Comcast will be delivered; or

(c)     The Middle District of Florida, if this Court enters an order requiring Comcast to deliver the Documents to this Court; (hereafter, the Court could deliver the documents to undersigned.)

11.     Plaintiff merely seeks to avoid the situation where neither a district court in the Eleventh Circuit or Third Circuit will assume jurisdiction over Comcast for purposes of enforcing a subpoena issued in a pending case in a District Court in the Eleventh Circuit.

12.     With that in mind, Plaintiff notes that this Court clearly has general jurisdiction over Comcast.  Indeed, Comcast is doing a substantial of business throughout Florida and in this district.

13.     Fed.R.Civ.P. 45(a)(3) permits the issuance of subpoenas in Federal court cases to individuals and entities across the nation.    Consequently, Plaintiff's absolute right to serve a subpoena on Comcast is beyond doubt.

14.     Based upon the foregoing, Plaintiff seeks the entry of an order providing direction to Plaintiff regarding out of which district court Plaintiff should issue the subpoena directed to Comcast, and specifically whether this Court will permit Plaintiff to serve Comcast with a replacement or additional subpoena out of either the Southern District of Florida or the Middle District of Florida.

15.     Finally, Plaintiff respectfully requests this Court enjoin Defendant from filing a Motion to Quash in New Jersey before the matter is resolved with this Court to avoid conflicting rulings, the need for both parties to obtain local counsel, and further litigation costs.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order enjoining Defendant from filing a Motion to Quash in New Jersey and directing Plaintiff as to the proper course of action to take with respect to the subpoenas.

Dated: May 21, 2012

Respectfully submitted,

By: /s/ M. Keith Lipscomb
M. Keith Lipscomb (429554)
klipsomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or through email for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *M. Keith Lipscomb*

## CERTIFICATE OF COMPLIANCE WITH Fed.R.Civ.P. 26(c)(1) and M.D. Fla. Loc. R. 3.01(g)

I have had conference with counsel for the opposing party in a good faith effort to resolve the issues raised in this Motion and we were unable to agree on the resolution of the Motion.

By: /s/ *M. Keith Lipscomb*

## SERVICE LIST

U.S. District Court
Middle District of Florida
Civil Case No. 8:12-cv-00669-SDM-AEP

1.      David Tamaroff
Alfred I. DuPont Building
169 E. Flagler Street, Suite 1633
Miami, Florida 33131
David@TamaroffLaw.com