FILED

12 MAY 22 PM 3:38

MIDDLE ~~~~~~~~~~
TAMPA, FLORIDA

IN THE UNITED STATES DISTRICT COURT FOR THE
Middle District of Florida

Malibu Media, LLC.
    Plaintiff,

vs.

DOES 1-99,
    Defendants.

_____/

CASE No. 8:2012-cv-00669-T-23AEP

MOTION TO QUASH OR MODIFY SUBPOENA

## MOTION TO QUASH OR MODIFY SUBPOENA

I received a letter from my Internet Service Provider regarding a subpoena. The subpoena requests my Internet Service Provider; provide my personal contact information to the Plaintiff.

From accounts of previous defendants, these subpoena notifications are followed by demand letters. These letters -- which demand around $2900 to avoid dealing with their lawsuit-- and their phone calls, which are persistent, are one of the reasons I am filing this motion. For the additional reasons set forth below, I respectfully request that this Honorable Court Quash the subpoena based on the following 3 arguments.

### Argument 1: Release of The Subpoenaed Information Would Unduly Prejudice Defendant

The Subpoena, as noted in paragraph 1 above, commands Comcast to disclose to Malibu Media's attorney my name, current address, telephone numbers, email addresses and Media Access Control devices of all persons whose IP addresses are listed in the case (sheet

attached, exhibit A). Malibu Media memorandum informs the Court in favor of granting expedited discovery that "Plaintiff's request will not prejudice Defendants because it is limited to basic contact information..."

In VPR International v. Does 1-1017, Case No. 11-2068 (C.D. Ill., Apr 29, 2011). The court denied the request for early discovery and later denied the plaintiff's motion for interlocutory review because the "Court will not be used to advance a 'fishing expedition by means of a perversion of the purpose and intent' of class action" Id. At 3. Similar motions to quash were granted in Patrick Collins v. Does 1-1219, 2010 WL 5422569 (N.D. Cal. Dec. 28, 2010) and June 21 Motion to Quash at 7(b), On the Cheap v. Does 1-5011 No. CIO-4472BZ (N.D. Cal. Sept. 6, 2011).

**Argument 2: Improper Joinder**

To cut court costs while suing as many individuals as possible, Plaintiff's counsel, Lipscomb, Eisenberg & Baker, PL is using improper joinders in their mass lawsuits alleging copyright infringement through BitTorrent. These lawsuits include hundreds of defendants in Virginia, New York, and Florida. Lipscomb, Eisenberg & Baker, PL. In A similar case in Virginia, *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255*, the Court notes before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap — if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

Later, Judge Milton Shadur writes about Steele Hansmeier's abuse of the litigation system "in

more than one way" with its "ill-considered" lawsuit:

> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.

*CP Productions, Inc. v. Does 1-300 case 1:2010cv06255 (dismissed ALL John Doe defendants)*

In another Steele Hansmeier BitTorrent case in Illinois, Judge Harold A. Baker writes in denying the motion for expedited discovery:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.

*VPR Internationale vs. Does 1-1017 case 2:2011cv02068*

In the Northern District of California, these nearly identical BitTorrent cases have been severed for improper joinder:

> <u>Pacific Century International LTD v. Does 1-101</u> *case 4:2011cv02533 (severed does 2-101)*
> <u>IO Group, Inc. v. Does 1-435</u> *case 3:2010cv04382 (severed does 2-435)*
> <u>Diabolic Video Productions, Inc v. Does 1-2099</u> *case 5:2010cv05865 (severed Does 2-2099)*
> <u>New Sensations, Inc v. Does 1-1768</u> *case 5:2010cv05864 (severed Does 2-1768)*

In yet another nearly identical BitTorrent case, filed in the Northern District of California by Steele Hansmeier, <u>*Millennium TGA, Inc v. Does 1-21*</u> *case 3:2011cv02258*, Judge Samuel Conti found the same joinder problems, and wrote in his order denying request for leave to take early discovery, "This Court does not issue fishing licenses;" And these nearly identical BitTorrent

cases in the Northern District of California by the same plaintiff Boy Racer, again represented by Steele Hansmeier, have been severed for improper joinder:

> *Boy Racer, Inc v. Does 1-52 case 5:2011cv02329 (severed Does 2-52)*
> *Boy Racer, Inc v. Does 1-71 case 5:2011cv01958 (severed Does 2-72)*

The Plaintiff's joinder of the defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . .
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

<u>BMG Music v. Does 1-203</u>, *No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004)* (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.
Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or

occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of

four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[1]

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make

---
[1] http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" Does 2-60, from the case.

*See* Fed. R. Civ. P. 21.

### Argument 3: IP Address Does Not Identify an Individual

In a recent case, (2:11-cv-03995-DRH-GRB, Document 39) United States Magistrate Judge, Gary R. Brown, wrote, "An IP address provides only the location at which one of any number of computer devices may be deployed, much like a telephone number can be used for any number of telephones. Most, if not all, of the IP addresses will actually reflect a wireless router or other networking device, meaning that while the ISPs will provide the name of its subscriber, the alleged infringer could be the subscriber, a member of his or her family, an employee, invitee, neighbor or interloper". *See U.S. v. Latham, 2007 WL 4563459, at \*4(D.Nev. Dec. 18, 2007).* Different family members, or even visitors, could have performed the alleged downloads. Unless the wireless router has been appropriately secured (and in some cases, even if it has been secured), neighbors or passersby could access the Internet using the IP address assigned to a particular subscriber and download the plaintiff's film.

These developments cast doubt on plaintiffs' assertions that "the ISP to which each Defendant subscribes can correlate the Defendant's IP address to the Defendant's true

identity." As one judge observed:

> The Court is concerned about the possibility that many of the names and addresses produced in response to Plaintiff's discovery request will not in fact be those of the individuals who downloaded "My Little Panties #2." The risk is not purely speculative; **Plaintiff's counsel estimated that 30% of the names turned over by the ISPs are not those of individuals who actually downloaded or shared copyrighted material.** Counsel stated that the true offender is often the "teenaged son...or the boyfriend if it's a lady." Alternatively, the perpetrator might turn out to be a neighbor in an apartment building that uses shared IP addresses or a dormitory that uses shared wireless networks. This risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants such as individuals who want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading "My little Panties #2."

Digital Sin, Inc. v. Does 1-176, --F.R.D. --, 2012 WL 263491, at *3 (S.D.N.Y. Jan. 30, 2012)

(citations omitted and emphasis added). Another court noted:

> the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes...By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.

United States Magistrate Judge Gary R. Brown Quashed all of the following cases based on his discovery:

> Malibu Media, LLC v. John Does 1-26, CV 12-1147 (JS) (GRB),
> Malibu Media, LLC v. John Does 1-11, CV 12-1150 (LDW) (GRB),
> Patrick Collins, Inc. v. John Does 1-9, CV 12-1154 (ADS) (GRB)
> K-Beech, Inc. v. John Does 1-37, CV 11-3995 (DRH) (GRB)

Based on information found during research for this motion, I have discovered that my wireless router was not secured and has since been replaced with a new updated wireless router with proper security.

Dated: 5/22/2012

Respectfully submitted,

*s/John Doe #3 IP 68.56.193.79*
John Doe
Email: johndoe6.iplaw.com
*Pro se*

P.O. Box 5
Venice, FL 34284

## CERTIFICATE OF SERVICE

I hereby certify that on 5/22/2012, I served a copy of the foregoing document, via US Mail, on:

> Steven E. Eisenberg
> Lipscomb, Eisenberg & Baker, PL
> 2 South Biscayne Blvd.
> Suite 3800
> Miami, FL 33131

**SHA-1 Hash:** 3B39460ABF5377A5830F532935B590D40086B834

**Title:** Girls Night Out
**Rights Owner:** Malibu Media

| DOE# | IP | Hit date (UTC) | City | State | ISP | Network |
|---|---|---|---|---|---|---|
| 1 | 174.58.101.172 | 1/23/2012 22:20 | Sarasota | FL | Comcast Cable | BitTorrent |
| 2 | 174.58.26.142 | 12/28/2011 1:36 | Sarasota | FL | Comcast Cable | BitTorrent |
| 3 | 68.56.193.79 | 12/29/2011 3:16 | Venice | FL | Comcast Cable | BitTorrent |
| 4 | 76.101.211.52 | 12/14/2011 22:06 | Naples | FL | Comcast Cable | BitTorrent |
| 5 | 76.101.226.84 | 12/6/2011 12:42 | Naples | FL | Comcast Cable | BitTorrent |
| 6 | 71.251.76.194 | 12/10/2011 19:49 | Sarasota | FL | Verizon Internet Services | BitTorrent |
| 7 | 72.77.252.222 | 12/23/2011 1:08 | Sarasota | FL | Verizon Internet Services | BitTorrent |
| 8 | 72.91.29.79 | 1/27/2012 17:35 | Lutz | FL | Verizon Internet Services | BitTorrent |
| 9 | 96.252.222.134 | 1/3/2012 13:53 | Sarasota | FL | Verizon Internet Services | BitTorrent |

EXHIBIT A

LMFL10