THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division

| | |
|---|---|
| MALIBU MEDIA, LLC, | : |
| Plaintiff, | : |
| v. | : Case No. 8:12-cv-00669-SDM-AEP |
| JOHN DOES 1-9, | : |
| Defendant. | : |

**JOHN DOE 4'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DIRECTION AND TO TEMPORARILY ENJOIN DEFENDANT FROM FILING MOTION TO QUASH AND INCORPORATED MEMORANDUM OF LAW**

Comes now, John Doe 4, by and through undersigned counsel, and files this Response in Opposition to Plaintiff's Motion for Direction and to Temporarily Enjoin Defendant from Filing Motion to Quash and Incorporated Memorandum of Law and would respectfully notify the Court as follows:

### I.   INTRODUCTION AND PROCEDURAL BACKGROUND

On May 21, 2012, *Defendant John Doe 4's Motion to Quash Subpoena* (the "Motion to Quash") was filed in the United States District Court for the District of New Jersey. The Case No. 1:12-cv-03030-JHR-AMD has since been assigned to action opened in the District Court of New Jersey in connection to the Motion to Quash (the "New Jersey Action").

The Motion to Quash was filed by John Doe 4's local New Jersey counsel. The undersigned counsel received electronic notifications of the Plaintiff's filing of *Motion for Direction and to Temporarily Enjoin Defendant From Filing Motions to Quash* [Doc. No. 9]

1

within sixteen (16) minutes of receiving notice that the Motion to Quash had been filed in the District Court of New Jersey.

On May 22, 2012, Defendant John Doe 4, filed a *Notice of Motion to Quash Filed in Related Action* notifying the Court and as to the above and attaching pertinent file-market documents filed in the New Jersey Action [Doc. No. 10].

## II. PLAINTIFF'S MOTION REQUESTS RELIEF OUTSIDE OF THE JURISDICTION OF THIS COURT AND IS OTHERWISE MOOT AS THIS DEFENDANT HAS ALREADY FILED THE MOTION TO QUASH IN THE DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Although Federal Rule of Civil Procedure 45(c) indicates that a Motion to Quash be filed in the district court for the district that issued the Subpoena, it does not alter the general rule that the broad outlines of discovery in a civil case are to be controlled by the court in which the case is filed. *Straily v. UBS Fin. Servs., Inc.*, No. 07-cv-884-REB-KMT, 2008 WL 5378148, at *2 (D. Colo. Dec. 23, 2008); *Wells v. GC Servs. LP*, No. C06-03511 RMW HRL, 2007 WL 1068222, at *1 (N.D. Cal. Apr. 10, 2007); *Manufacturer Direct, LLC v. Directbuy, Inc.*, No. 2:05-cv-451, 2007 WL 496382, at *2-3 (N.D. Ind. Feb. 12, 2007); *Platinum Air Charters, LLC v. Aviation Ventures, Inc.*, No. 2:05-cv-01451-RCJ-LRL, 2007 WL 121674, at *3 (D. Nev. Jan. 10, 2007); *Best Western Int'l, Inc. v. Doe*, No. cv-06-1537-PHX-DGC, 2006 WL 2091695, at *2 (D. Ariz. July 25, 2006); *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001). Accordingly, it is proper for this Court to consider and issue a ruling on John Doe 4's Motion to Sever & Dismiss and/or Issue a Protective Order (the "Motion for Protective Order") [Doc. No. 8] filed which was filed by the undersigned counsel on May 21, 2012.

Accordingly, while this Court has the authority to issue a protective order, dismiss the case, sever the defendants as well as order other relief requested by John Doe 4 in the above-referenced motion, Defendant would further respectfully show that under the Federal Rules of

Civil procedure this Court does not have the jurisdiction to control, govern or prohibit the filing of a motion to quash a subpoena issued by a United States District Court sitting in another district. *See.* FED. R. CIV. P. 45(c); *Kearney for Kearney v. Jandernoa*, 172 F.R.D. 381, 383 n.4 (N.D. Ill. 1997). Plaintiff caused the subpoena in question to be issued out of the District of New Jersey which requires Comcast to produce documents to Plaintiff at Plaintiff's counsel's office in Miami, Florida. *See* Exhibit A to Motion for Protective Order [Doc. No. 8-1].

Pursuant to Federal Rule of Civil Procedure 45(a)(2), a subpoena "for production or inspection, if separate from a subpoena commanding a person's attendance," must issue "from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2). The controlling Third Circuit precedent governing a subpoena issued out of the District of New Jersey holds that "'production' refers to the delivery of documents, not their retrieval, and therefore 'the district in which the production … is to be made' is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over." *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 412 (3d Cir. 2004); *also Doyle v. Gonzales*, No. CV-10-0030-EFS, slip op., 2011 WL 2607167, at *5 (E.D. Wash. July 1, 2011).

Plaintiff contends that under *Morris v. Sequa Corp.*, 275 F.R.D. 561 (N.D. Ala. 2011) and *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 09-60351-CIV, 2010 WL 3419420, at *2 (S.D. Fla Aug. 27, 2010), it believes that District Courts in the Eleventh Circuit are in general consensus that a subpoena should be issued out of the court where the documents are housed, not where they are to be delivered. Plaintiff's analysis misses the point. The District Court for the District of New Jersey is the only court with the authority to rule on this issue, and Plaintiff should direct such arguments to the court with the proper jurisdiction to consider this

issue. Moreover, Plaintiff could have easily issued the subpoena from District of New Jersey in compliance with the controlling president of that court (as well as in compliance with what it contends is the general consensus of the district courts of the Eleventh Circuit) by obtaining local counsel and drafting the subpoena to require Comcast to produce the documents to the office of such local counsel within the district of the court issuing the subpoena.

Pursuant to the Federal Rules of Civil Procedure, the District Court of New Jersey is the only court with jurisdiction to quash the subpoena, which Plaintiff's counsel themselves caused to be issued from a district in which they are not licensed to practice nor presumably aware of the controlling precedent. Plaintiff's actions have already required Defendant to obtain New Jersey counsel in order to file the Motion to Quash which is currently preceding before that District Court. In essence Plaintiff is requesting this Court allow it a second bit at the apple at Defendant's (significant) expense.

### III.     CONCLUSION

Accordingly, Plaintiff's *Motion for Direction and to Temporarily Enjoin Defendant from Filing a Motion to Quash* should be denied as it requests relief outside of the jurisdiction of this Court and is otherwise moot, as the subject Motion to Quash has already be filed and is currently proceeding before the United States District Court for the District of New Jersey. Defendant further requests this Court grant such other and further relief to which John Doe 4 may be justly entitled.

Respectfully submitted,

TAMAROFF & TAMAROFF, P.A.
The Alfred I. DuPont Building
169 East Flagler Street, Suite 1633
Miami, Florida 33131
Tel: (305) 403-2020
Fax: (305) 403-2021
dan@tamarofflaw.com

By: /s/ Daniel F. Tamaroff  .
   **Daniel F. Tamaroff**
   Florida Bar No. 92083
   dan@tamarofflaw.com
   David F. Tamaroff
   Florida Bar No. 92084
   david@tamarofflaw.com
   ***Attorneys for John Doe 4***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of June, 2012, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF and on all of those parities receiving electronic notification via the Court's CM/ECF electronic filing as well as via first class U.S. Mail on the following pro se party:

*Via First Class Mail to:*
John Doe 3
P.O. Box 5
Venice, FL 34284
PRO SE

By: /s/ Daniel F. Tamaroff  .
   **DANIEL F. TAMAROFF**