UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**MALIBU MEDIA, LLC,**

    **Plaintiff,**

v.                                        Case No: 2:12-CV-177-FtM-29SPC

**JOHN DOES 1-13,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This matter comes before the Court on John Doe #3's Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena (Doc. #7) filed on May 8, 2012. Plaintiff's Memorandum in Opposition to John Doe #3's Motion to Dismiss/Sever and for a Protective Order and/or Quash Subpoena (Doc. #18) was filed on May 31, 2012 after Plaintiff was allowed additional time to file. Thus, the Motion is now ripe for the Court's review.

    On March 28, 2012, Malibu Media, LLC, a California corporation with its principle place of business in Malibu, California, filed the instant copyright infringement action (Doc. # 1) alleging that each of the 13 John Doe Defendants is liable for direct copyright infringement in violation of 17 U.S.C. § § 106 and 501 and contributory copyright infringement. Plaintiff alleges that the Doe Defendants unlawfully copied and distributed "The Works," which are 107 movies, over the Internet. Subsequently, Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. # 3) in order to take early discovery. As

1

grounds for taking early discovery, Plaintiff alleged that each of the Defendants' acts of copyright infringement occurred using an Internet Protocol ("IP") address traced to a physical address located within the Middle District of Florida. Plaintiff requested that the Court allow it to serve Federal Rule 45 subpoenas on certain Internet Service Providers ("ISPs") to obtain identifying information for the John Doe Defendants such as their addresses so that Plaintiff may complete service of process on them. Plaintiff asserted that the first step in this case was learning the identity of the subscribers whose IP addresses were used to commit an infringement.

On April 11, 2012, this Court granted Plaintiff's request to take early discovery (Doc. # 4) and allowed Plaintiff to serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to that Motion. Apparently these subpoenas were served on the Internet Service Providers, which in turn gave notice to their "customers"—i.e., the John Doe Defendants—that the ISP had received the subpoena. Certain John Doe Defendants have filed motions to quash the subpoenas and/or motions to dismiss them from the action. John Doe #3 filed the instant motion to dismiss the subpoena for improper joinder, undue burden and expense, annoyance, embarrassment, harassment, and oppression; or in the alternative, to quash the subpoena and/or for protective order based upon the same grounds.

*John Doe #3's Motion to Dismiss*

The Court notes and recommends at the outset that dismissal at this point is not proper. At this point the John Doe Defendants are not yet parties to this lawsuit because they have not been served with process. Indeed, service may not be made because their true identities are not

yet known. Courts that have previously been presented with this situation have found that because the Doe defendants have not yet been served it is not proper for the Court to consider a motion to dismiss them. Recently, a district court noted:

> Plaintiff has yet to formally identify any of the John Doe Defendants named in the Complaint or serve them with process. Although the movants generally assume that they will be named as defendants once their contact information is turned over to Plaintiff by their ISP, the Court cannot automatically draw that conclusion. If as many movants have asserted, their internet accounts were used by third parties to unlawfully infringe Plaintiff's copyrighted film, then it is those parties, rather than the movants themselves, who should properly be named as defendants. Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties.

West Coast Productions, Inc. v. Does 1–5,829, 275 F.R.D. 9, 14 (D.D.C. 2011). The Court agrees with this line of reasoning and recommends that a motion to dismiss be denied as premature in this action.

*John Doe #3's Motion to Quash/Protective Order*

### I. Improper Joinder

John Doe #3 moves to quash the subpoena because of improper joinder because use of the "BitTorrent Protocol" is insufficient to warrant joinder as the alleged actions in this case by the John Doe Defendants were not a concerted effort. Plaintiff points out that while Plaintiff alleges that Defendants were part of the same swarm, Plaintiff does not specifically allege that the Defendants shared pieces of the file with each other. (Pl. Br. 4).

Under the Federal Rules:

> [a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of

3

>   transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a). Joinder of parties is generally encouraged in the interest of judicial economy, subject to fulfillment of two prerequisites: the persons who join as plaintiffs or who are joined as defendants must be interested in claims that arise out of the same transaction or occurrence, or series of transactions or occurrences; and all the parties joined must share in common at least one question of law or fact. A.M. Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1323 (11th Cir. 2000).

In the present case, the Plaintiff alleges that Defendants John Does each used the BitTorrent file-sharing protocol to illegally distribute the Plaintiff's copyrighted work. (Doc. #1, p. 3). Plaintiff further asserts that the nature of a BitTorrent protocol is that any "seed peer" that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online simultaneously. (Doc. #1, p. 6). In this case, Plaintiff alleges that each Defendant peer member participated in the same swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer information, uploading and downloading, and by other types of transmissions. (Doc. #1, p. 6). Additionally, Plaintiff

4

asserts that the evidence that will serve as the basis of Plaintiff's claims against all Doe Defendants arose from the same investigation by the third-party technology company utilized by Plaintiff. (Doc. #1, p. 7).

Based on these allegations, the Court recommends that Plaintiff's claims against the Defendants are logically related. Each John Doe Defendant is a possible source for the Plaintiff's work, and may be responsible for distributing the movie to other John Doe Defendants, who are also using the same file-sharing protocol to copy the identical copyrighted material. See Patrick Collins, Inc. v. John Does 1-21, 2012 WL 1190840, at *4-5 (E.D. Mich. Apr. 5, 2012) (concluding that "each Defendant is logically related to every other Defendant because they were all part of a series of transactions linked to a unique Initial Seeder and to each other."). While the Defendants may be able to rebut these allegations later, the Plaintiff has sufficiently alleged that its claims against the Defendants potentially stem from the same transaction or occurrence and are logically related. Further, Plaintiff has pleaded joint and several liability of the Defendants. (Doc. #1, p. 3).

Fed. R. Civ. P. 20(a)(2)(B) requires the Plaintiff's claims against the Defendants to contain a common question of law or fact. The Plaintiff meets this requirement. In each case, the Plaintiff will have to establish against each Defendant the same legal claims concerning the validity of the copyrights in the work at issue and the infringement of the exclusive rights reserved to the Plaintiff as the copyright holder. The Court recognizes that each Defendant may later present different factual and substantive legal defenses, but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule

20(a)(2)(B). Therefore, the undersigned respectfully recommends that John Doe #3's Motion to Quash be denied.

## II. Undue Burden and Expense, Annoyance, Embarrassment, Harassment, and Oppression

John Doe #3 moves to quash the subpoena because the subpoena is improper and was issued only for harassment purposes and causes undue burden, expense, embarrassment, and oppression, arguing that the subpoenas are nothing more than a settlement tactic and Plaintiff has no intention of actually litigating this matter. In this case, as was previously explained in this Court's April 11, 2012 Order allowing the subpoenas to be issued in this matter, Plaintiff made a good cause showing to this Court for early discovery in this Internet infringement case. A Court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Pursuant to Federal Rule 26(b), courts may order discovery of any relevant matter for good cause. Courts who have dealt with these sorts of cases generally consider whether a plaintiff has shown "good cause" for the early discovery. Patrick Collins Inc. v. Does 1-1219, No. C10-04468LB, 2010 WL 5422569, *2 (N.D. Cal. Dec. 28, 2010) (collecting cases and standards).

"A plaintiff who is unaware of the identity of the person who has wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant." Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011). "In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes: (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference." UMG

6

Recording, Inc. v. Doe, 2008 WL 4104214, *4 (N.D. Cal. 2008). In addition, some courts also analyze a defendant's First Amendment right to privacy in determining whether to allow the discovery. In these cases, courts require Plaintiff to (4) specify the discovery requested, (5) demonstrate a central need for the subpoenaed information to advance the asserted claims, and (6) establish that the party's expectation of privacy does not outweigh the need for the requested discovery. Sony Music Entertainment v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004).

In this case, Plaintiff has satisfied the above-listed factors. First, Plaintiff has made a concrete showing of a prima facie claim of copyright infringement. In its Complaint, the Plaintiff asserts that it holds the copyright on thirteen of the movies contained in the siterip. (Doc. #1 at ¶¶ 13, 47). Further, the signed declaration of Tobias Fieser states that the Plaintiff's research has indicated that the Works have been infringed upon and that he was able to isolate the transactions and the IP addresses being used on the peer-to-peer network to reproduce, distribute, display, or perform Plaintiff's copyrighted works. (Doc. #3-2).[1] "Moreover, the use of P2P systems to download and distribute copyrighted music has been held to constitute copyright infringement." Sony Music, 326 F. Supp. 2d at 565-66. Second, Plaintiff has established that it lacks any other means of obtaining the subpoenaed information. Plaintiff only has the IP addresses and cannot locate any further information. Rather, once the IP addresses, plus the date and time of the detected and documented infringing activity are provided to the ISP, the ISPs can access the identifying information of the subscriber. It appears that Plaintiff has taken all of the steps it can to identify the John Doe Defendants. Third, Plaintiff, through the

---

[1] Plaintiff hired IPP, Ltd., a company that provides, among other things, forensic investigation services to copyright owners. (Doc. #3-2 at 1–2). Fieser is employed by IPP, Ltd.

7

Declaration of Tobias Fieser, informs the Court that "[m]any ISPs only retain the information sufficient to correlate an IP address to a person at a given time for a very limited amount of time." (Doc. #3-2 ¶ 11). Thus, there is a chance that the ISPs will destroy the logs needed by Plaintiff. Fourth, Plaintiff has sufficiently described the John Doe Defendants by listing the IP address assigned to them on the day Plaintiff alleges the Defendant engaged in the infringing conduct in a chart attached to the Complaint. (Doc. 1-1). Fifth, Plaintiff has demonstrated the need for the subpoenaed information in order to advance its claims as there appears no other means of obtaining this information and the information is needed in order to prosecute Plaintiff's viable claim for copyright infringement. Sixth, and finally, Plaintiff's interest in knowing Defendants' true identities outweighs Defendants' interests in remaining anonymous. Plaintiff has a strong legitimate interest in protecting its copyrights and it has been held that copyright infringers have no legitimate expectation of privacy in the subscriber information they provide to ISPs. "[A] number of other jurisdictions who have deemed that a file sharer's First Amendment right to anonymity is "exceedingly small." Call of the Wild Movie, LLC v. Does 1-1062 et al., 770 F. Supp. 2d 332, 347-48 (D.D.C. 2011).

    Therefore, as Plaintiff is entitled to the information requested in the subpoena from ISPs so that it may effect proper service of process on the Defendant after his true identity is known, the Court respectfully recommends that the instant motion to quash based upon undue burden and expense, annoyance, embarrassment, harassment, and oppression be denied as the subpoena issued in this case to John Doe #3 was proper.

Finally, John Doe #3 argues that a protective order should be entered in this case based upon the same grounds – undue burden and expense, harassment, annoyance, and embarrassment.

A person from whom discovery is sought may move under Fed. R. Civ. P. 26(c) for a protective order limiting disclosure or for providing confidentiality. Rule 26(c) allows the Court to issue a protective order to limit discovery and make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Moore v. Potter, 141 F. App'x 803 (11th Cir. 2005) (citing Fed. R. Civ. P. 26(c)). A protective order should be entered only when the movant makes a particularized showing of "good cause" and specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements and unsupported contentions do not suffice. Gulf Oil Company v. Bernard, 452 U.S. 89, 102 n.16, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981); Cipollone v. Leggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986). Courts have broad discretion at the discovery stage to determine whether or not a protective order is appropriate and what degree of protection is required. Seattle Times v. Rhinehart, 467 U.S. 20, 36-37, 104 S. Ct. 2199, 81 L. Ed. 2d 17(1984). Whether good cause exists for a protective order is a factual matter to be decided by the nature and character of the information in question. Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1315 (11th Cir. 2001).

In this case, as discussed above, the Court found good cause for allowing the subpoenas to issue in this matter and John Doe #3 has not demonstrated to the Court that a protective order is warranted.[2]

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

John Doe #3's Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena (Doc. #7) be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 6th Day of June, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[2] To the extent that John Doe #3 is arguing that he has a First Amendment privacy interest in avoiding disclosure of his identifying information, the Court recommends this argument would fail as the Defendant's asserted First Amendment right to anonymity in this context does not shield him from allegations of copyright infringement. Call of the Wild Movie, LLC v. Does 1-1,062, et al., 770 F. Supp. 2d 332, 349 (D.D.C. 2011) (holding that an internet file-sharer's First Amendment right to anonymity is exceedingly small and the owner's need for information subpoenaed outweighed defendants' minimal First Amendment rights to anonymous speech).